UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Stephen Corley, ) | Civil Action No.: 0:22-cv-04082-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kenneth Nelson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Stephen Corley, a state prisoner proceeding *pro se*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. This habeas matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Petitioner's § 2254 petition as successive.[1]  *See* ECF No. 9.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

[2] Petitioner's objections were due by January 19, 2023. *See* ECF No. 14.

adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection, and the Court's review of the R & R reveals no clear error in its analysis. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing.

### Conclusion

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 9] and **DISMISSES** Petitioner's § 2254 petition *without prejudice* to allow Petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a successive petition.[3] Respondent is

---

[3] Because Petitioner may now seek permission from the Fourth Circuit Court of Appeals to file a successive petition, his Motion for Leave to file is moot. *See* ECF No. 17.

not required to file a return.  The Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>January 20, 2023 | <u>s/ R. Bryan Harwell</u><br>R. Bryan Harwell<br>Chief United States District Judge |